**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JARROD LEE HENSON**                                                               **PETITIONER**

**v.**                                                **CIVIL ACTION NO. 3:13cv830-DCB-MTP**

**ARCHIE LONGLEY**                                                        **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on the *pro se* Petition of Jarrod Lee Henson for Writ of Habeas Corpus [1], filed under 28 U.S.C. § 2241. Respondent filed his Response [8] to the Petition on November 28, 2012. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

Petitioner Jarrod Lee Henson is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"). He is currently incarcerated at the United States Penitentiary in Marion, Illinois. At the time Henson filed his Petition, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").[1] On October 23, 2006, Henson was convicted in the United States District Court for the Southern District of Illinois of conspiracy to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841, and sentenced to a 218-month term of imprisonment.[2] Henson's sentence was later reduced to 146 months and ten years of

---

[1]Petition [1] at 1.

[2]*See* Exhibit 1 [8-1] at 3.

supervision.[3] His projected release date is July 13, 2017 via good time conduct release.[4]

Henson filed the instant Petition on or about September 26, 2012,[5] in which he challenges a disciplinary conviction he received while in BOP custody. According to the incident report, on December 28, 2011, while Henson was incarcerated at the Federal Correctional Complex in Oakdale, Lousiania ("FCC Oakdale"), Henson refused to return a food tray to a correctional officer, and stated, "open this food slot I got something for your ass." The officer asked if Henson was threatening him. Henson stated that he was, in fact, threatening the officer, and further stated "I can threaten you all day long just open the slot you will find out."[6] The officer then issued an incident report, a copy of which was served on Henson later that day.[7]

The next step of the BOP disciplinary process usually consists of a review of the incident report by the Unit Disciplinary Committeee ("UDC") within a few days.[8] However, shortly after the issuance of Henson's incident report, he was transferred from FCC Oakdale to FCC Yazoo City,[9] delaying administrative review of the report. For this reason, UDC review did not occur until February 29, 2012–sixty three days after the incident report was issued.[10] Henson attended a

---

[3]*Id.*

[4]*Id.*

[5]Petition [1] at 9.

[6]*See* Incident Report [8-3] at 2.

[7]*Id.*

[8] 28 C.F.R. § 541.7.

[9]*See* Inmate History [8-5] at 2.

[10]*See* Advisement of Incident Report Delay [8-4]; DHO Report [8-8].

2

disciplinary hearing a week later on March 7, 2012, where he was found guilty of the charge against him and sentenced to a loss of twenty-seven days of good conduct time and sixty days of disciplinary segregation.[11]

In his Petition, Henson argues that according to BOP policy, he was entitled to UDC review of his incident report within five days of its issuance. He argues that because UDC review occurred sixty-three days later, his rights and BOP policy were violated.[12] Henson seeks the reinstatement of his good conduct time and requests that his disciplinary conviction be expunged.[13]

## **ANALYSIS**

In *Wolfe v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the loss of good conduct time, which will result in an inmate's confinement being extended, requires due process. In order for due process to be satisfied in a prison disciplinary hearing, an inmate must receive: (1) twenty-four (24) hours advance written notice of the charges; (2) a written statement by an impartial fact finder as to the evidence relied on and reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; and (4) when an illiterate inmate is involved or in an especially complex case, and inmate may seek the aid of a fellow inmate or prison staff member. *Id.* at 564-70.

In this case, Henson's disciplinary proceeding resulted in the loss of twenty-seven days of good conduct time; thus, he was entitled to due process protection. While the record reflects that

---

[11]*Id.* at 3.

[12]*See* Petition [1] at 6.

[13]*Id.* at 8.

Henson received the procedural protections guaranteed by *Wolff*,[14] he nonetheless claims that his rights were violated during the disciplinary process because the UDC did not review his incident report within five days after its issuance. As outlined above, the UDC normally reviews an inmate's incident report as part of the BOP disciplinary process. According to the Code of Federal Regulations, once the initial staff investigation of the incident is complete, the incident report is referred to the UDC for disposition. The UDC may then dispose of the incident itself, or, depending on the severity of the offense, refer the incident to the Discipline Hearing Officer ("DHO") for further review.[15] The regulation further provides: "The UDC will *ordinarily review the incident report within five work days after it is issued*, not counting the day it was issued, weekends, and holidays."[16]

Henson's assertions that he was deprived of due process because the BOP did not follow its own rules and regulations, even if true, do not afford him any relief. As an initial matter, the timing regulation provides that the UDC review "ordinarily" shall be conducted within five days, not that review during this period is mandatory. *See Barner v. Williamson*, 233 Fed. App'x 197, 199 (3d Cir. 2007) (unpublished), *cert. denied*, 552 U.S. 966 (2007).

Furthermore, prison regulations are "primarily designed to guide correctional officials in

---

[14]Respondent has produced substantial records outlining the process of Henson's disciplinary proceeding. According to the record, Henson received notice of the hearing on February 29, 2012, a full week before his hearing on March 7, 2012. *See* Notice [8-7]. The DHO provided a lengthy explanation supporting her finding of Henson's guilt. *See* Report [8-8] at 3. Finally, the record reflects that Henson signed a document apprising him of right to have a staff representative at the hearing and to present witnesses. *See* Notice [8-7]. Henson has not responded to the Respondent's submissions nor contradicted the records provided.

[15]28 C.F.R. § 541.7 (emphasis added).

[16]*Id.*

4

the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Thus, when a liberty interest has been infringed, a prisoner's procedural protections are governed by the Due Process Clause, not prison regulations. *See Davis v. Lithicum*, 574 Fed. App'x 379, 380 (5th Cir. 2014); *see also Morris v. Livingston*, 739 F.3d 740, 751 (5th Cir. 2014); *Williams v. Stephens*, 547 Fed. App'x 599, 600 (5th Cir. 2013); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

Pursuant to the Supreme Court's holding in *Wolff*, prison officials are only required to provide an inmate twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. *Wolff* does not mandate UDC review of an inmate's incident report. Thus, even if a violation of BOP regulation occurred, it would not rise to a constitutional violation. Finally, numerous courts have held that UDC review of an incident report conducted beyond the ordinary time frame does not rise to the level of a constitutional deprivation. *See Cooper v. Jones,* 372 Fed. App'x 870, 872 (10th Cir. 2010); *Brown v. Rios*, 196 Fed. App'x 681, 683 (10th Cir. 2006); *Strohmetz v. Rios*, No. 1:10cv1036, 2011 WL 4889185 at *3 (E.D. Cal. Oct. 13, 2011); *Mitchell v. Zych*, No. 2:09cv12551, 2009 WL 3497796, at *4 (E.D. Mich. Oct. 28, 2009).

### RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] filed by Jarrod Lee Henson be dismissed with prejudice.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 19th of August 2015.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge